# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:14-cv-00227-JMC-2 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Allied Energy, Inc., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion to Compel (ECF No. 37), to which Defendant filed a Response in Opposition (ECF No. 38).

Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1]  Fed. R. Civ. P. 26(b)(1).  The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case.  *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Nevertheless, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

---

[1] Factors a court should consider to determine such proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P 26(b)(1).

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff's primary contention is that Defendant's responses to the Interrogatories thus far are deficient. (*See* ECF No. 37-1 at 4.) Plaintiff asserts that "there are a multitude of reasons why each response is deficient." (*Id.* at 5 n. 3.) In its brief, Plaintiff outlines those deficiencies that "are most egregious and/or most impactful to the ultimate prosecution of this case." (*Id.* at 4.) Plaintiff specifically requests that the Court compel Defendant to more fully and accurately respond to Interrogatories Nos. 1, 2, 8, 9, 10, 11, 12, 14, 20, 22, 23, 24 and Requests for Production Nos. 10, 12, 13, 15, 16, 17, 21, 25, 26, 32, and 33. (*See generally* ECF No. 37-1.) Defendant, however, contends in its Response that Plaintiff's Motion to Compel is "unnecessary," stating:

> Defendant believes it has made a good faith effort to cooperate in discovery and has provided Plaintiff with documents in its possession and within the scope of discovery. Defendant also believes that some items requested, such as material to be used in trial or depositions, will become available as the litigation progresses and the parties begin to prepare for depositions and/or trial.

(ECF No. 38 at 1.)

Broad discretion is afforded a district court's decision to grant or deny a motion to compel. *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Exercising that discretion here, this court finds reasonable Plaintiff's explanations of how Defendant's Responses to Interrogatories Nos. 1, 2, 8, 9, 10, 11, 12, 14, 20, 22, 23, 24 and Requests for Production Nos. 10, 12, 13, 15, 16, 17, 21, 25, 26, 32, and 33 are deficient such that Plaintiff's Motion to Compel should be granted. This court's conclusion especially is due to the breadth and scope of Plaintiff's

concerns regarding the deficiencies of Defendant's responses to numerous discovery requests—none of which Defendant specifically addressed in its Response.

For these reasons, this court **GRANTS** Plaintiff's Motion to Compel (ECF No. 37). Defendant is ordered to respond to Plaintiff's discovery requests addressed in its Motion to Compel (ECF No. 37) no later than January 8, 2015. The court denies at this time Plaintiff's request for fees and costs related to this discovery action.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

December 9, 2015
Columbia, South Carolina